[707 NYS2d 680]

In the Matter of PATRICK CHRISTOPHER (Admitted as PATRICK SIMONETTI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 22, 2000

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Robert A. Ungar, P. C.,* Garden City (*Louis Gerstman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition, dated March 22, 1999, containing one charge of professional misconduct. The Special Referee sustained the charge to the extent of finding that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]). The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper under the circumstances. The respondent cross-moves to confirm in part and disaffirm in part, and to either dismiss this proceeding, return it to the Grievance Committee for the imposition of an appropriate sanction, or to limit any public sanction imposed to a censure.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

On or about February 4, 1996, the respondent's domestic partner, Troy C. Castro, died in Suffolk County. From approximately April 1996 through June 1996, the respondent received checks from the Social Security Administration, which totalled $7,979, payable to Mr. Castro. The respondent forged Mr. Castro's signature on the Social Security checks and deposited them into Mr. Castro's savings account at Apple Bank through an ATM.

Based on the evidence adduced, the Special Referee properly sustained the charge and the Grievance Committee's motion to confirm is granted. The respondent's cross motion is granted only to the extent that the Special Referee's report is confirmed and the charge is sustained with respect to Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

In determining an appropriate measure of discipline to impose, the respondent stresses that the checks at issue ar-

rived during a time when he was undergoing severe depression and emotional stress.

This matter was brought to the attention of the Grievance Committee as a result of an error by the United States Treasury Department. Unaware that the matter had already been resolved, the Treasury Department contacted Apple Bank in November 1996 and asked the bank to refund the alleged overpayments on behalf of Troy Castro to the Social Security Administration. Inasmuch as the overpayment had already been rectified, the Treasury Department's reclamation notice was in error.

The respondent further emphasizes that there was no loss incurred as a result of his conduct, that he fully cooperated throughout the Grievance Committee's investigation, and that he has expressed remorse for any inconvenience caused by his actions. The respondent testified that he made the deposits in the sincere belief that the funds constituted retroactive payments from the time the application for disability payments on behalf of Mr. Castro was first made. In fact, a portion of the checks deposited by the respondent actually represented retroactive payments and was the property of the estate. The respondent has no prior disciplinary history.

Under these unique circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, the respondent's cross motion is granted to the extent that the charge is sustained and is otherwise denied; and it is further,

Ordered that the respondent, Patrick Christopher, is censured for his professional misconduct.